IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TIMOTHY ALLEN WELLS                                                      PETITIONER
ADC #141072

V.                              5:14-cv-00349-JTK

WENDY KELLEY, Director,                                                  RESPONDENT
Arkansas Department of Correction[1]

MEMORANDUM AND ORDER

Petitioner Timothy Wells, an inmate at the Arkansas Department of Correction ("ADC"), filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after a Garland County, Arkansas, jury found him guilty of capital murder. (Doc. No. 1.) For the following reasons, Mr. Wells's petition is denied.

I.    APPLICABLE FACTS

On February 13, 2013, Mr. Wells and Jason Smith stopped at Gene's Liquor Store in Malvern, Arkansas, to attempt to cash a forged check in the amount of $2,700. *Wells v. State*, 430 S.W.3d 65, 66 (Ark. 2013). After the manager refused to cash the check, Mr. Wells told Mr. Smith that he could get money in Hot Springs, Arkansas. *Id.* at 67. Mr. Wells drove to the Lynwood Motel in Hot Springs and parked in an alley by the motel. *Id.* Mr. Smith testified at trial that Mr. Wells told him that he could get money out of the motel. (Doc. No. 11, Exh. 1, at 691.) Mr. Smith testified that he believed that Mr.

---

[1]Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

Wells must have had some friends at the motel from whom he could borrow money. (*Id.*). Later, still on direct examination, Mr. Smith testified that he believed Mr. Wells was going to rob the motel. (*Id.* at 692.) On cross-examination, Mr. Smith testified that he first thought Mr. Wells had friends in the motel to borrow money from, but later the conversation turned to Mr. Wells robbing the motel. (*Id.* at 708.) However, Mr. Smith testified that Mr. Wells never said he was going to rob the motel. (*Id.*). Mr. Wells entered the motel and shot hotel owner Madhuben Patel, who later died. *Wells*, 430 S.W.3d at 67.

After shooting Ms. Patel, Mr. Wells got back into the car to drive to Malvern. (Doc. No. 11, Exh. 1, at 709.) On the way, Mr. Wells pulled into the driveway of a house (*Id.*). When he backed out of the driveway, the car got stuck in a ditch. (*Id.*). At that point, Mr. Smith exited the car and helped push it out of the ditch. (*Id.*). Mr. Wells was then able to drive them both back to Malvern. (*Id.* at 710.)

II.   PROCEDURAL HISTORY

On October 24, 2012, a Garland County jury found Mr. Wells guilty of capital murder. (Doc. No. 11, Exh. 1, at 266.) The court sentenced Mr. Wells to serve in the ADC for the remainder of his life without the possibility of parole. (*Id.* at 268.)

On November 13, 2012, Mr. Wells filed a Notice of Appeal, appealing his conviction to the Arkansas Supreme Court. (*Id.* at 277.) Mr. Wells appealed his guilty verdict on two grounds: (1) the trial court erred by not directing a verdict as to the capital murder charge because the State did not prove that he committed the murder during the

commission of an aggravated robbery; and (2) the trial court erred by not instructing the jury with the accomplice testimony jury instruction regarding the testimony of Mr. Smith. *Wells*, 430 S.W.3d at 66. On October 10, 2013, the court affirmed the conviction with two dissenting justices.[2] *Id.*

On September 17, 2014, Mr. Wells filed this petition for a writ of habeas corpus. (Doc. No. 1.) On October 22, 2014, the Director of the ADC ("Director") filed a response, asking for the petition to be dismissed. (Doc. No. 6.) On November 11, 2014, the district court reassigned this petition to the Court based on the parties' consent. (Doc. No. 8.) On March 3, 2015, the Court entered an order allowing Mr. Wells to file a reply brief addressing the Director's arguments within thirty days. (Doc. No. 9.) Mr. Wells chose to not file such a brief. On June 23, 2015, the Court ordered the Director to file the state court record with the Court. (Doc. No. 10.) On June 26, 2015, the Director filed the state court record. (Doc. No. 11.) On July 14, 2015, the Court ordered the Director to file the documents required by Rule 5(d) of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. No. 12.) The Director filed these documents on July 22, 2015. (Doc. No. 13, Exhs. 2, 3, 4.)

III.  STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of

---

[2]The dissenting justices agreed with the majority that there was sufficient evidence to convict Mr. Wells. *Wells*, 430 S.W.3d at 71. They, however, argued that the trial court erred by failing to give the accomplice testimony jury instruction, and the trial court's error was not harmless. *Id.* at 71-72.

people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

IV.  ANALYSIS

In his petition for a writ of habeas corpus, Mr. Wells raises two grounds for relief: (1) there was insufficient evidence for the jury to find that he committed the murder of Ms. Patel in furtherance of aggravated robbery, and (2) the trial court erred by failing to instruct the jury with the accomplice jury instruction regarding Mr. Smith's testimony. (Doc. No. 1 at 5, 6.)

    A.  SUFFICIENCY OF THE EVIDENCE

Mr. Wells first argues that the evidence was insufficient to establish that he committed the murder in furtherance of the aggravated robbery. (Doc. No. 1 at 5.) The

Director argues that the Arkansas Supreme Court reasonably decided that there was evidence that Mr. Wells attempted to commit aggravated robbery at the Lynwood Motel, and so this ground for relief should be denied. (Doc. No. 6 at 4.)

In a § 2254 habeas proceeding, when a petitioner challenges the sufficiency of the evidence used to convict him in state court, the federal court must determine "whether, after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Blair-Bey v. Nix*, 44 F.3d 711, 713 (8th Cir. 1995) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The court is not permitted to conduct its own inquiry into witness credibility; "that is a task reserved to the jury." *Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000).

Mr. Wells contends that no reasonable factfinder could have found the essential elements of the underlying crime of aggravated robbery beyond a reasonable doubt to support his capital murder conviction. (Doc. No. 1 at 5.) "A person commits aggravated robbery if he or she commits robbery as defined in Arkansas Code Annotated section 5-12-102, and the person is (1) armed with a deadly weapon, (2) represents by word or conduct that he or she is armed with a deadly weapon, or (3) inflicts or attempts to inflict death or serious injury upon another person." *Wells*, 430 S.W.3d at 68 (quoting Ark. Code Ann. § 5-12-103 (Repl. 2006)). Under Arkansas law, a person commits robbery if, "with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person

employs or threatens to immediately employ physical force upon another person." *Id.* at 68 n.1 (quoting Ark. Code Ann. § 5-12-102(a) (Repl. 2006)).

There is sufficient evidence for a reasonable factfinder to find the essential elements of the aggravated robbery. The only element Mr. Wells seems to contest is whether there evidence that he was going to the motel "with the purpose of committing a felony or misdemeanor theft." Mr. Smith testified at trial that Mr. Wells wanted to go to that motel to get money. Mr. Wells then walked into the motel with a gun and shot the motel owner. Although there were inconsistencies with Mr. Smith's testimony, the jury was able to assess his credibility at trial. Therefore, when viewing the evidence in light most favorable to the prosecution, a rational trier of fact could have found the essential elements of aggravated robbery beyond a reasonable doubt. Mr. Wells's insufficiency of the evidence ground for relief is denied.

      B.      ACCOMPLICE LIABILITY JURY INSTRUCTION

Mr. Wells contends that the trial court erred by not instructing the jury with the accomplice liability jury instruction regarding the testimony of Mr. Smith. This is a state law issue, and therefore is not cognizable as a ground for relief in a petition for a writ of habeas corpus. 28 U.S.C. § 2254(a) (2006); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Wilson v. Corcoran*, 562 U.S. 1, 5-6 (2010). Thus, this ground for relief is denied.

V.      CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

States District Courts, the Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a district court may issue a certificate of appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Wells has made a substantial showing of a denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability.

VI.  CONCLUSION

Mr. Wells does not present a claim to which he is entitled relief, and his petition for a writ of habeas corpus (Doc. No. 1) is denied with prejudice. The Court will not issue a certificate of appealability.

IT IS SO ORDERED this 27th day of July, 2015.

_____
United States Magistrate Judge